IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WAUKESHA COUNTY, WISCONSIN
and WAUKESHA COUNTY
DEFERRED COMPENSATION PLAN,

        Plaintiffs,

   v.

NATIONWIDE LIFE INSURANCE
COMPANY and NATIONWIDE
RETIREMENT SOLUTIONS, INC.,

        Defendants.

OPINION AND ORDER

06-C-0656-C

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiffs Waukesha County and Waukesha County Deferred Compensation Plan have moved for reconsideration of the October 12, 2007 order granting summary judgment to defendants Nationwide Life Insurance Company and Nationwide Retirement Solutions, Inc. on plaintiffs' claims of breach of good faith and fair dealing (against defendant Nationwide Life only) and on their claim of breach of fiduciary duty (against both defendants). The motion will be denied.

In the October 12 order, I held that if plaintiffs proved their claim of breach of contract against defendant Nationwide Life, the claim of breach of good faith would fall by

1

the wayside and that if they did not prove their claim, they would have no basis on which to prove a breach of good faith. Defendants argue that this was an erroneous ruling. They contend that even if the jury found no breach of contract in the way in which defendant Nationwide Life determined the market value adjustment, it could find that this defendant breached its duty of good faith if defendant's formula rested on assumptions that were not made in good faith and thus did not measure "net capital loss, if any" with a high degree of accuracy.

To the extent that plaintiffs are arguing that defendants would breach their duty of good faith if they did not adjust the contract in plaintiffs' favor, they run afoul of the law that the duty of good faith is not a tool for rewriting the terms of a contract or for adding rights to that contract. Super Valu Stores, Inc. v. D-Mart Food Stores, Inc., 146 Wis. 2d 568, 577, 431 N.W.2d 721, 726 (Ct. App. 1988) (contracting party cannot complain of acts of other party that are specifically authorized by their contract); Kharn & Nate's Shoes No. 2, Inc. v. First Bank of Whiting, 908 F.2d 1351, 1357 (7th Cir. 1990) (duty of good faith does not apply to matter resolved explicitly by parties); see also Tele-Port, Inc. v. Ameritech Mobile Communications, Inc., 248 Wis. 2d 846, 859, 637 N.W.2d 782, 789 (Ct. App. 2001). If defendant Nationwide's formula meets the terms of the contract and if defendant applied the formula accurately, it carried out its duties under the contract. It was not required to adjust the formula in plaintiffs' favor if such an adjustment was not part of the

agreement between the parties.

As for plaintiffs' assertion that they have a viable claim of breach of fiduciary duty against defendant Nationwide Retirement, they are wrong. Contrary to plaintiffs' view, defendant Nationwide Retirement did not "hold" the investment funds; it merely accepted them from fund participants and deposited them into investment vehicles as directed by the plan participants. It had no authority to keep the funds that Waukesha County employees sent to it for investment in the fixed annuity. Those funds were "held" and managed by defendant Nationwide Life.

Plaintiffs argue that defendant Nationwide Retirement had a fiduciary duty not to disclose misleading information to participants. (In opposition to the motion for reconsideration, defendants have filed a portion of a deposition of Michael Studebaker in which Studebaker testified that defendant Nationwide Retirement never assumed any fiduciary relationship to the county or its plan participants. Because plaintiffs have not had an opportunity to refute this testimony, I will not consider it at this time. It is not necessary to do so in order to decide plaintiffs' motion for reconsideration.). Assuming that defendant Nationwide Retirement had any fiduciary duty to the plan participants, the record does not show that defendant Nationwide Retirement disclosed any such information to participants in connection with the handling of their accounts. It did have a role in the preparation of the quarterly fact sheets, but the record is undisputed that only one such fact sheet was sent

3

to plaintiffs and that was by defendant Nationwide Life. Nothing in the record shows that the fact sheet was sent to plan participants or that it was sent in connection with anything other than plaintiffs' evaluation of the funds the county would sponsor in the future.

Plaintiffs argue that defendant Nationwide Life also breached its duties as a fiduciary. They concede that they have not yet shown that this defendant had assumed any fiduciary duties independent of the contract between the parties, but argue that the question is one for the jury. This is true only if plaintiffs have adduced enough evidence to show the court that a reasonable jury could find for them on their breach of fiduciary duties claim against this defendant. All that plaintiffs point to is defendant Nationwide Life's distribution of information about fiduciary duties during the evaluation period. This, they say, shows that this defendant was acting as a fiduciary in relation to plaintiffs. But plaintiffs have no basis for drawing this connection. The duties of an entity deemed to be a fiduciary are one question; whether an entity is a fiduciary in fact is an entirely different one. Becoming a fiduciary requires considerably more than simply advising persons about their possible fiduciary duties.

ORDER

IT IS ORDERED that the motion for reconsideration filed by plaintiffs Waukesha

County, Wisconsin and Waukesha County Deferred Compensation Plan is DENIED.

Entered this ___25th___ day of October, 2007.

              BY THE COURT:

              /s/ Barbara B. Crabb
              BARBARA B. CRABB
              District Judge